UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

MARCUS B. GORDON, SR                                              PLAINTIFF

VS.                                      CIVIL ACTION NO. 5:04cv224-DCB-JCS

WARDEN M. PETTIFORD, ET AL.                                      DEFENDANTS

### ORDER

This cause is before the Court on the defendant's Motion to Reconsider **[docket entry no. 41]**.  Upon a thorough consideration of the Motion, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

On June 21, 2006, Magistrate Judge James C. Sumner filed a Report and Recommendation [docket entry no. 36] wherein he advised the Court that this Bivens action should be dismissed.  On July 18, 2006, the plaintiff filed his Objections to Report and Recommendation [docket entry no. 37].

On March 1, 2007, this Court issued its Order Adopting Report and Recommendation in Part and Granting Objection in Part [docket entry no. 39], whereby, except for an Eighth Amendment claim against defendant Warden Michael Pettiford, it dismissed all of the plaintiff's claims against all defendants.  On March 16, 2007, the defendants filed their Motion to Reconsider [docket entry no. 41] the Court's Order Adopting Report and Recommendation in Part and Granting Objection in Part.  That Motion is now before the Court.

In their Motion and Memorandum, the defendants fail to refute the fact that the top blanket permit was found to be a medically necessary treatment by Dr. Chambers. "A serious medical need is one for which treatment has been recommended[,]" Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006); thus the use of a blanket by the plaintiff was a serious medical need. The Supreme Court is clear that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976)(internal citations omitted). Such deliberate indifference occurs when prison officials "intentionally interfer[e] with the treatment once prescribed." Id. at 105. The defendants do not dispute that the plaintiff has provided evidence that Warden Pettiford was aware of the plaintiff's chronic pain and that he ordered the blanket permit removed, thereby intentionally interfering with the plaintiff's treatment as prescribed by Dr. Chambers.

As to the Court's previous denial of qualified immunity for Warden Pettiford, the defendants rely heavily on Thompson v. Upshur County, Tex., 245 F.3d 447 (5th Cir. 2001) for the notion that the "clearly established" inquiry must be made at the proper level of generality and they urge that the Court consider the clearly established issue under a more specific formulation. However, the

Fifth Circuit in <u>Hart v. Tex. Dept. of Criminal Justice</u>, 106 Fed. Appx. 244 (5th Cir. 2004), sternly called into question the continued viability of <u>Thompson</u> in light of the Supreme Court's decision in <u>Hope v. Pelzer</u>, 536 U.S. 730 (2002).  According to the Fifth Circuit, <u>Hope</u> requires a more general description of the constitutional right in question.  <u>Hart</u>, 106 Fed. Appx. at 249-50. <u>Hope</u> itself makes clear that "general statements of the law are not inherently incapable of giving fair and clear warning" and that "officials can still be on notice that their conduct violates established law even in novel factual circumstances."  536 U.S. at 741.  Taking the facts in the light most favorable to the plaintiff as it must, the Court stands by its original determination that decisional law in existence at the time of Warden Pettiford's removal of the blanket permit was sufficient to put him on notice that the plaintiff had a constitutional right to be free from intentional interference with the prescribed medical treatment for his serious medical need.  The Court similarly finds unpersuasive the defendants' argument that Warden Pettiford's conduct was objectively reasonable in light of the clearly established law then in effect.

   Based upon the foregoing,

**IT IS HEREBY ORDERED** that the defendants' Motion to Reconsider

[docket entry no. 41] is **DENIED**.

    **SO ORDERED,** this the ___13th___ day of December 2007.

                                                          ___s/ David Bramlette___
                                                    UNITED STATES DISTRICT JUDGE